UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MORRIS,

    Petitioner,                                      Case Number: 12-10417

v.                                                   HONORABLE AVERN COHN

GREG McQUIGGIN,

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PETITIONER'S MOTION TO**
**COMPEL (Doc. 13)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 14)**
**AND**
**DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING CASE**

I.  Introduction

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner Gary Morris (Petitioner) is a state prisoner convicted of three counts of first degree criminal sexual conduct (CSC-1)and three counts of second degree criminal sexual conduct (CSC-2).  Petitioner is serving concurrent terms of 20-240 years for CSC-1 convictions and 101-5 years for the CSC-2 convictions.  The matter has been referred to a magistrate judge.

      Petitioner filed a motion to compel the state court record before the magistrate judge.  (Doc. 11).  The magistrate judge denied the motion, noting that Respondent had filed the relevant state court record and the material Petitioner sought was not related to

the claims properly before the Court. (Doc. 16). Petitioner has appealed that order. (Doc. 17).

The magistrate judge also issued a report and recommendation (MJRR) regarding the petition. The magistrate judge recommends that the Court dismiss for lack of jurisdiction any claims that challenge Petitioner's underlying convictions because they would constitute a successive petitioner under 28 U.S.C. § 2244(b).[1] The magistrate judge also recommends that the Court deny Petitioner's claims challenging the denial of parole for lack of merit. Finally, the magistrate judge recommends that the Court deny a certificate of appealability. Petitioner has not filed objections to the MJRR and the time for objections has passed.[2]

For the reasons that follow, the magistrate judge's order denying Petitioner's motion to compel will be affirmed. The MJRR will be adopted, and the petition will be denied. A certificate of appealability will also be denied.

## II. Discussion

### A. The Motion to Compel

#### 1. Legal Standard

When a party files timely objections to a magistrate judge's opinion and order concerning a nondispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

---

[1]In 2003, Petitioner filed a petition challenging his underlying conviction. Morris v. Carson, 03-73360. The petition was denied and the Court of Appeals for the Sixth Circuit denied a certificate of appealability.

[2]Petitioner did file a notice of appeal from the magistrate judge's report and recommendation. (Doc. 18).

law." Fed. R. Civ. P. 72(a). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991).

Here, Petitioner seeks review of the magistrate judge's disposition of a motion to compel. Decisions made by a magistrate judge relating to discovery matters are generally reviewed only under an abuse of discretion standard. See Baker v. Peterson, 67 F. App'x 308 (6th Cir.2003).

2. Analysis

The magistrate judge did not abuse his discretion in denying the motion to compel. The materials Petitioner seeks relate to his underlying convictions. As explained in the MJRR, to the extent Petitioner is challenging his underlying convictions those claims constitute a successive petition over which this Court lacks jurisdiction. Thus, the materials are not relevant to any viable claim in the case.

B. The MJRR

1. Legal Standard

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985).

2. Analysis

Petitioner has not objected to the MJRR and the time for objections has passed. While this ends the Court's obligation, the Court has reviewed the MJRR and agrees with the magistrate judge's recommendations and conclusions.  Importantly, Petitioner is not entitled to habeas relief based on his denial of parole.  Moreover, to the extent Petitioner seeks to challenge his underlying convictions, he must ask the Sixth Circuit for permission to file a successive petition.

III.  Conclusion

For the reasons state above, the magistrate judge's order denying Petitioner's motion to compel is AFFIRMED.

The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above.  Petitioner's application for writ of habeas corpus is DENIED.  A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

   S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated:  May 3, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 3, 2013, by electronic and/or ordinary mail.

   S/Sakne Chami
Case Manager, (313) 234-5160