UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MORRIS,

      Petitioner,                                   Case Number: 12-10417

v.                                                     HONORABLE AVERN COHN

GREG McQUIGGIN,

      Respondent.
_____/

**AMENDED MEMORANDUM AND ORDER[1]**
**AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PETITIONER'S MOTION TO COMPEL (Doc. 13)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 14)**
**AND**
**DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING CASE**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Gary Morris (Petitioner) is a state prisoner convicted of three counts of first degree criminal sexual conduct (CSC-1) and three counts of second degree criminal sexual conduct (CSC-2).

---

[1] On May 3, 2013, the Court entered a Memorandum and Order which, among other things, dismissed the case. (Doc. 20). The order stated, incorrectly, that Petitioner had not filed objections to the magistrate judge's report and recommendation (MJRR). See Doc. 20 at p. 2. Petitioner has filed objections to the MJRR. See Doc. 17. This Amended Memorandum and Order supercedes the Court's May 3, 2013 Memorandum and Order takes into consideration Petitioner's objections. As explained infra, the objections lack merit and are therefore OVERRUED.

Petitioner is serving concurrent terms of 20-240 years for CSC-1 convictions and 101-5 years for the CSC-2 convictions. The matter has been referred to a magistrate judge.

Petitioner filed a motion to compel the state court record before the magistrate judge. (Doc. 11). The magistrate judge denied the motion, noting that Respondent had filed the relevant state court record and the material Petitioner sought was not related to the claims properly before the Court. (Doc. 16). Petitioner has appealed that order. (Doc. 17).

The magistrate judge also issued a report and recommendation (MJRR) regarding the petition. The magistrate judge recommends that the Court dismiss for lack of jurisdiction any claims that challenge Petitioner's underlying convictions because they would constitute a successive petitioner under 28 U.S.C. § 2244(b).[2] The magistrate judge also recommends that the Court deny Petitioner's claims challenging the denial of parole for lack of merit. Finally, the magistrate judge recommends that the Court deny a certificate of appealability. Petitioner objects to the MJRR.[3]

For the reasons that follow, the magistrate judge's order denying Petitioner's motion to compel will be affirmed. The MJRR will be adopted, and the petition will be denied. A certificate of appealability will also be denied.

---

[2] In 2003, Petitioner filed a petition challenging his underlying conviction. Morris v. Carson, 03-73360 (E.D. Mich.). The petition, which was assigned to a different judge in this district, was denied and the Court of Appeals for the Sixth Circuit denied a certificate of appealability. Additionally, in 2013, Petitioner filed another petition challenging the requirement that he register as a sex offender. Morris v. Berghuis, 13-11097. This case is assigned to the undersigned and is the subject of a separate order.

[3] Petitioner did file a notice of appeal from the magistrate judge's report and recommendation. (Doc. 18).

II. Discussion

A. The Motion to Compel

1. Legal Standard

When a party files timely objections to a magistrate judge's opinion and order concerning a nondispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991).

Here, Petitioner seeks review of the magistrate judge's disposition of a motion to compel. Decisions made by a magistrate judge relating to discovery matters are generally reviewed only under an abuse of discretion standard. See Baker v. Peterson, 67 F. App'x 308 (6th Cir.2003).

2. Analysis

The magistrate judge did not abuse his discretion in denying the motion to compel. The materials Petitioner seeks relate to his underlying convictions. As explained in the MJRR, to the extent Petitioner is challenging his underlying convictions those claims constitute a successive petition over which this Court lacks jurisdiction. Thus, the materials are not relevant to any viable claim in the case.

B. The MJRR

1. Legal Standard

A district court must conduct a de novo review of the parts of a magistrate

judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

2. Analysis

The Court has reviewed Petitioner's objections. Nothing in them convince the Court that the magistrate judge erred in his recommendations. The magistrate judge fully explained why Petitioner's challenges to the denial of parole do not implicate a constitutional right. Moreover, the magistrate judge is correct that to the extent Petitioner is challenging his underlying convictions, he must ask for permission to file a

successive petition from the Sixth Circuit.

### III.  Conclusion

For the reasons state above, the magistrate judge's order denying Petitioner's motion to compel is AFFIRMED.

The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above.  Petitioner's application for writ of habeas corpus is DENIED.  A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 8, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 8, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160